IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRAMMERCY CAPITAL CORP.<br><br>v.<br><br>INVESTMENT PROPRTIES OF AMERICA, LLC, IPofA WEST OAKS MALL, LP, IPA WEST OAKS MALL, LLC and EDWARD H. OKUN | Civ. No. 1:05-cv-09151-LAP-rle<br><br>NOTICE OF REMOVAL<br><br>ECF CASE |

PLEASE TAKE NOTICE that Defendants Investment Properties of America, LLC. IPofA West Oaks Mall, LP, IPA West Oaks Mall, LLC and Edward H. Okun, through their undersigned attorneys and pursuant to 28 U.S.C. §§ 1441 & 1446 and Rule 81.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, file this Notice of Removal and hereby remove this case from the Supreme Court of the State of New York, County of New York (Index No. 603425-05) to the United States District Court for the Southern District of New York. In support of this removal Defendants state as follows:

1. a. This is an action in which Plaintiff and Defendants are citizens of different states.

   b. Plaintiff Grammercy Capital Corp. ("Grammercy") is a New York Corporation with its principal place of business in New York, New York.

   c. Defendant Investment Properties of America, LLC is a Virginia Limited Liability Company with its principal place of business in Indianapolis, Indiana. Investment Properties of America, LLC was served on or after September 29, 2005. Defendant IPofA West

Oaks Mall, LP is a Texas limited partnership with its principal place of business in Richmond, Virginia. IPofA West Oaks Mall, LP was served on or after September 29, 2005. Pursuant to the allegations in the Complaint, Defendant IPA West Oaks Mall, LLC has no formal or legal existence; Defendant IPA West Oaks Mall, LLC is not organized under the laws or New York and does not have its principal place of business in New York, and is not a citizen or resident of New York. To the extent it could be served, IPA West Oaks Mall, LLC was served on or after September 29, 2005. Defendant Edward H. Okun is a citizen and resident in Carmel, Indiana. Edward H. Okun was served on or after September 29, 2005.

2.   The amount in controversy in this Action as to each Defendant is in excess $75,000; Plaintiff has alleged damages of $250,000, jointly and severally against all Defendants.

3.   This Court has, and at the time of the filing of the Complaint herein had, original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)(1).

4.   Plaintiff filed this action in the Supreme Court of the State of New York, County of New York (Index No. 603425-05) on or about September 26, 2005. Defendants were first served with the Complaint on or after September 29, 2005. Defendants did not receive a copy of the Complaint prior to that date. This Notice is being filed within 30 days thereof.

5.   A copy of the Summons and Complaint filed and served upon Defendants are attached hereto (Exhibit A). No other papers, process, pleadings or orders in this action have been served upon Defendants.

6.   Notice of the filing of this Notice is being given to counsel for Plaintiff. A Notice of the Filing of this Notice of Removal also is being filed with the Supreme Court of the State of New York / New York County Clerk's Office (attached hereto as Exhibit B).

7. Defendants hereby reserve all defenses which they may be able to assert or as to which they are otherwise entitled to as a matter of law, and do not waive any such defense.

WHEREFORE, Defendants hereby give notice that New York County case No. 603425-05 pending in the Supreme Court of the State of New York, New York County is hereby removed to this Court.

Dated: October 26, 2005

KUTAK ROCK LLP

By: _____
ROBERT A. JAFFE                RJ 9286

1101 Connecticut Ave NW Ste 1000
Washington DC 20036
Tel.: (202) 828-2400

300 E. 42nd St - 10th Floor
New York, NY 10017
(212) 922-9155

**Attorneys for Investment Properties of America, LLC, IPofA West Oaks Mall, LP, IPA West Oaks Mall, LLC and Edward H. Okun**

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------x
GRAMERCY CAPITAL CORP.,                : Index No.: -603425-05

              Plaintiff,     :     **SUMMONS**

   vs.                                 : Venue is proper in New York County
                                      : pursuant to CPLR 503 because it is the
INVESTMENT PROPERTIES OF AMERICA,     : County in Which Plaintiff Resides
LLC, IPofA WEST OAKS MALL, LP, IPA    :
WEST OAKS MALL, LLC and EDWARD H.     :
OKUN,                                 :
                                      :   NEW YORK
             Defendants.    : COUNTY CLERK'S OFFICE
-------------------------------------------------x
                                          SEP 2 6 2005

TO THE ABOVE-NAMED DEFENDANTS:            NOT COMPARED
                                          WITH COPY FILED

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 22, 2005

                                   SOLOMON AND WEINBERG LLP

FILED BY DLS, INC.
SEP 2 6 2005                          By: _____
800-443-1058                              Steven Sinatra, Esq.
                                          Attorneys for Plaintiff
                                          900 Third Avenue, 29th floor
                                          New York, New York 10022
                                          (212) 605-1000 (telephone)
                                          (212) 605-1001 (facsimile)

181406.1

To:    Investment Properties of America
4201 Millersville Road, Ste. 200
Indianapolis, Indiana 46205

IPofA West Oaks Mall, LP
10800 Midlothian Turnpike, Ste. 152
Richmond, Virginia 23235

IPA West Oaks Mall, LLC
c/o Edward H. Okun
10548 Coppergate Drive
Carmel, Indiana 46032

Edward H. Okun
10548 Coppergate Drive
Carmel, Indiana 46032

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
GRAMERCY CAPITAL CORP.,            :   Index No.: _____

                Plaintiff,    :   **COMPLAINT**

vs.                                :

INVESTMENT PROPERTIES OF AMERICA,  :
LLC, IPofA WEST OAKS MALL, LP, IPA :
WEST OAKS MALL, LLC and EDWARD H.  :
OKUN,                              :

                Defendants.   :
-------------------------------------------------------------x

NEW YORK COUNTY CLERK'S OFFICE
SEP 2 6 2005
NOT COMPARED WITH COPY FILED

Plaintiff, Gramercy Capital Corp. ("Gramercy"), by way of complaint against defendants Investment Properties of America, LLC ("IPA"), IPofA West Oaks Mall, LP, IPA West Oaks Mall, LLC and Edward H. Okun ("Okun"), by its attorneys Solomon and Weinberg LLP, alleges as follows:

## NATURE OF THE ACTION

1. This is an action to collect certain sums due and owing to Gramercy as a result of defendants' breach of a written contract (the "Contract") by which defendants' sought and Gramercy agreed to consider making a $95 million loan to finance defendants' acquisition of a 498,829 square-foot shopping mall located in Houston, Texas (the "Property"). Specifically, defendants breached a covenant not to obtain acquisition financing from another source (the "No Other Financing Covenant"). As a result of Defendants' breach of the No Other Financing Covenant, they are liable for liquidated damages in the amount of $250,000 (the "Break Up Fee") pursuant to the terms of the Contract.

181011.3

## THE PARTIES

2. Gramercy is a New York corporation with offices located at 420 Lexington Avenue, New York, New York 10120.

3. Defendant IPA is a Virginia limited liability company with an address at 4201 Millersville Road, Suite 200, Indianapolis, Indiana 46205. Upon information and belief, IPA is controlled by defendant Okun and holds the contractual right to acquire the Property pursuant to a contract of sale with the Property's current owners.

4. Defendant IPofA West Oaks Mall, LP is, upon information and belief, a Texas limited partnership with an address at 10800 Midlothian Turnpike, Suite 152, Richmond, Virginia 23235 and is owned, directly or indirectly, in whole or in part by IPA and/or Okun. Upon information and belief, IPofA West Oaks Mall, LP was created by or at the direction of IPA and Okun in order to hold title to the Property.

5. Defendant IPA West Oaks Mall, LLC is the entity on whose behalf Okun purported to sign the Contract. Upon information and belief IPA West Oaks Mall, LLC has no formal or legal existence, but at the time Okun signed the Contract, he intended to form IPA West Oaks Mall, LLC to acquire and hold title to the Property and to be the borrower pursuant to the Contract. IPofA West Oaks Mall, LP and IPA West Oaks Mall, LLC are referred to collectively herein as "West Oaks" and, together with IPA and Okun as, the "Defendants."

6. Defendant Okun, upon information and belief, is a principal and officer of IPA and West Oaks and resides at 10548 Coppergate Drive, Carmel, Indiana 46032. Okun signed the Contract and is the "Sponsor" as that term is defined in the Contract.

## CAUSE OF ACTION

7. IPA holds the contractual right to acquire the West Oaks Mall from its current owners, West Oaks Mall Owner, L.P. and WOM Outparcel, L.P., pursuant to a contract of sale dated August 5, 2005 for a total purchase price of $102,000,000.

8. At or about that time, Okun, either in person or through an agent, contacted Gramercy in New York to explore the possibility of obtaining acquisition financing for the Property. Okun made it clear that Gramercy would be required to prepare for a closing within a very short period of time and to close the transaction by September 9, 2005. The basic terms of the financing were negotiated by Gramercy from its New York offices and, as a result, terms were agreed upon by the parties.

9. Those terms were memorialized in a letter agreement dated August 5, 2005 (the "Contract"). Pursuant to the Contract, Gramercy agreed to conduct the due diligence necessary to determine whether it would be willing to make a loan in the amount of $95,000,000 to a special purpose entity controlled by Okun (the "Borrower") for the purpose of acquiring the Property (the "Loan"). A true and correct copy of the Contract is annexed hereto as **Exhibit 1**. The Loan was to be for a term of twelve (12) months, and was to be secured by, among other things, a first mortgage on the Property and a $10,000,000 personal guaranty from Okun, as the "Sponsor."

10. The Contract provides that Gramercy is to be the exclusive source of acquisition financing. If the Borrower declines to proceed with the Loan and instead obtains acquisition financing from any other source, the Sponsor is liable to Gramercy for a Break-Up Fee in the amount of $250,000. The Contract provides, in relevant part, that:

Sponsor will not, and will not cause or permit any of its respective affiliates to, obtain any other debt financing with respect to the Property with any party other than Gramercy (the "No Other Financing Covenant"). In the event (a) the Loan does not close because of Borrower's material misrepresentation to Gramercy or (b) there shall occur a breach of the No Other Financing Covenant, a break-up fee in the amount of $250,000 (the "Break-Up Fee") shall be immediately due and payable to Gramercy, and Sponsor shall be required to pay, in addition, all of Lender's Expenses to the extent not paid from the Expense Deposit.

11. Shortly after entering into the Contract, Gramercy learned that Okun was pursuing alternative financing arrangements with Wachovia Corporation or a subsidiary or affiliate thereof ("Wachovia").

12. On or about August 17, 2005, Gramercy confronted Okun with its knowledge that Okun was pursuing financing from Wachovia. Okun admitted that he was indeed negotiating with Wachovia to obtain acquisition financing.

13. Upon information and belief, Okun has succeeded in negotiating and consummating an agreement with Wachovia to obtain acquisition financing.

14. Upon information and belief, Okun has no intention of proceeding with the Loan described in the Contract, but instead intends to obtain and has contracted to obtain financing from Wachovia.

15. By virtue of the foregoing, Defendants have breached the "No Other Financing Covenant" in the Contract.

16. Gramercy has performed all of its obligations pursuant to the Contract.

17. As a result of Defendants' breach of the Contract, Gramercy has been damaged in an amount incapable of precise calculation.

18.     Defendants agreed in the Contract that they would be liable to Gramercy for liquidated damages in the amount of $250,000 in the event they breached the No Other Financing Covenant.

19.     Consequently, Gramercy is entitled to judgment against Defendants, jointly and severally, in the amount of $250,000.

WHEREFORE, Gramercy demands judgment against Defendants, jointly and severally;

(a)     in the amount of $250,000, plus interest thereon;

(b)     for Gramercy's costs and expenses in this action, including its reasonable attorneys' fees; and

(c)     for such other and further relief as this court deems just and proper.

Dated:  New York, New York
        September 22, 2005

SOLOMON AND WEINBERG LLP

By: _____
        Steven Sinatra, Esq.
        Attorneys for Plaintiff
        900 Third Avenue, 29th floor
        New York, New York 10022
        (212) 605-1000 (telephone)
        (212) 605-1001 (facsimile)

181011.3

5


# GRAMERCY CAPITAL CORP.

420 Lexington Avenue   P: 212.297.1000   www.gramercycapitalcorp.com
New York, NY 10170      F: 212.297.1090

**TO:** David Rosen

**CC:** Hugh Hall
Bob Foley

**FROM:** Jim Flintz
Jake Stahler

**DATE:** August 8, 2005

**RE:** Application for Financing on West Oaks Mall, Houston, TX

---

The following is a summary of terms pursuant to which Gramercy Capital Corp. (together with its assignees, "Gramercy") would consider providing a first mortgage loan (the "Mortgage Loan") to an entity controlled by Edward H Okun (the "Sponsor"). The Mortgage Loan will be secured by a first mortgage lien on West Oaks Mall (the "Property). This summary of terms is not binding on Gramercy or any of its affiliates and is for discussion purposes only.

**Property:** 100% fee interest in the Property, a 498,829 square foot mall located in Houston, TX.

**Recourse:** The Loan will be non-recourse to the Borrower and the Sponsor except for customary "bad boy" and environmental provisions in which event the Loan will be recourse to the Sponsor. Notwithstanding the foregoing, the subordinate $10 million portion of the loan will be full recourse to the Sponsor in the form of a personal guarantee from Edward Okun. The Sponsor must have adequate net worth for such potential liability and agree to certain liquidity and net worth covenants.

**Documentation:** All Mortgage Loan documentation shall be in form and content acceptable to Gramercy and its counsel, and shall be supported by reasonably acceptable representations and warranties of Borrower, opinions of counsel and proof of related matters that Gramercy's counsel shall deem reasonably necessary.

**Loan Amount:** $95 million, but not more than 85% of total cost and not more than an amount that results in an appraised loan-to-value ratio of 85%.

**Reserves:** <u>Leasing:</u>   Gramercy shall hold back $3,000,000 for leasing costs, which will be distributed as needed to fund 75% of actual costs incurred.

<u>JC Penney Acquisition:</u> Gramercy shall hold back $4,000,000 to finance the acquisition for the JC Penney site, but not more than an amount that exceeds 75% of cost. Gramercy shall have approval rights regarding the acquisition.

<u>Interest Reserve:</u>   Gramercy will hold back proceeds to fund an interest reserve in an amount to be determined.

**Commitment Fee:** Gramercy shall be entitled to an origination fee of 1.00% of the amount of the loan commitment.

**Exit Fee:** Gramercy shall be entitled to an exit fee of 2.0% of the loan amount. Notwithstanding the foregoing, the exit fee shall be reduced to 1.0% if Gramercy refinances this loan. Gramercy shall have a right of first refusal on the refinance of the Property.

-1-

| | |
|---|---|
| Term: | 12 months, unless the Mortgage Loan is extended as described below. |
| Extension Option: | The Borrower shall have the right to extend the term of the Mortgage Loan for one 12-month period, provided that (i) no event of default shall have occurred and be continuing under the Mortgage Loan, (ii) the property has achieved a minimum 1.25x DSCR (DSCR calculations shall be based on underwritten net cash flow at a 10.00% constant). In the event that the Minimum DSCR is not achieved, Borrower will have the right to re-balance the Mortgage Loan, so that the Minimum DSCR is achieved. There shall be an extension fee of 0.50%. |
| Interest Rate: | 30-day LIBOR plus 4.00%, calculated on an actual/360 basis. During an Event of Default (after any notice and expiration of any grace periods), the Interest Rate will increase by 500 basis points. |
| Interest Rate Cap: | Borrower shall purchase an interest rate cap with respect to LIBOR at a strike price of 5.50% for the initial term of the loan. The strike price for the extension period shall be 6.0%. |
| Cash Management: | Hard Lockbox. |
| Amortization: | The Mortgage Loan will be interest-only. During the extension period, the Loan will amortize on a 30-year schedule. |
| Call Protection: | The Mortgage Loan will be locked 3 months. Between months 4-12 the Mortgage Loan will be prepayable subject to Yield Maintenance. During the extension period, the Loan is freely prepayable. |
| Initial Deposit: | Borrower shall be responsible for all out-of-pocket costs and expenses incurred by Gramercy relating to the Mortgage Loan. Sponsor shall deliver to Gramercy a good faith deposit of $100,000 (the "Deposit") simultaneously with its return of a countersigned copy of this Term Sheet. If Gramercy does not issue a loan commitment, after payment of all costs and expenses incurred by Gramercy, the balance of the Deposit, if any, shall be refunded to Sponsor. If Gramercy's actual out-of-pocket expenses exceed the Deposit, Sponsor shall promptly pay such difference to Gramercy upon demand. |
| Borrower: | An entity (the "Borrower") whose sole business shall be ownership of 100% of the interests in the Property, which entity shall be majority owned and controlled by Sponsor. Borrower shall be a special purpose, bankruptcy remote entity ("SPE") whose sole business shall be the ownership and operation of the Property; Borrower's managing member shall also be an SPE. Borrower shall deliver, at closing of the Mortgage Loan, non-consolidation opinion in form and substance satisfactory to Gramercy and its counsel with respect to appropriate entities and shall appoint two independent non-member managers of Borrower whose vote shall be required in connection with the filing of a bankruptcy or other similar action with respect to the Borrower. |
| Collateral: | The Mortgage Loan will be secured by, among other things, (i) a first mortgage lien encumbering the fee-simple interest in the Property, (ii) an assignment of all related rents, deposits, letters of credit and income, (iii) assignment of the interest rate cap described herein and (iv) an assignment of all other contracts, agreements and personal property relating to the Property. |
| Escrows: | The Mortgage Loan will require escrows for taxes, insurance, deferred maintenance and environmental matters (if deemed necessary by third party reports). |
| Confidentiality: | This Term Sheet shall be kept confidential, shall not be reproduced or disclosed, and shall not be used by you other than in connection with the evaluation of the transaction described herein. |
| Exclusivity: | Sponsor will not, and will not cause or permit any of its respective affiliates to, obtain any other debt financing with respect to the Property with any party other than Gramercy (the "No Other Financing Covenant"). In the event (a) the Loan does not close because of |

Borrower's material misrepresentation to Gramercy or (b) there shall occur a breach of the No Other Financing Covenant, a break-up fee in the amount of $250,000 (the "Break-Up Fee") shall be immediately due and payable to Gramercy, and Sponsor shall be required to pay, in addition, all of Lender's Expenses to the extent not paid from the Expense Deposit. The Break-Up Fee shall be Lender's sole and liquidated damages, Borrower hereby agreeing that Lender's actual damages, while substantial, are difficult or impossible to ascertain or measure. If Lender should choose, in its sole discretion, not to proceed with the funding of the Loan, than Borrower may obtain other debt financing with respect to the Property. The No Other Financing Covenant shall automatically expire ninety days from the date hereof.

**Servicing:** The Borrower shall be responsible for the cost of servicing the Mortgage Loan at a cost not to exceed 5 basis points per annum plus customary fees for other services.

**Due Diligence:** Gramercy shall satisfy itself in its sole discretion with respect to (i) the financial condition and reputation of borrower, property manager and Sponsor, including the production of background reports at borrower's cost, (ii) the feasibility, viability and quality of the Property, including but not limited to a satisfactory review of the relevant budgets, appraisal, environmental report, engineering report, the property management agreement, the space measurement study, the borrower's organizational documents, the title report, the survey, the title insurance policy, and all other insurance policies, (iii) the ability of the Property to generate sufficient cash flow to service the Mortgage Loan, (iv) such financial information and references with respect to the borrower and Sponsor Gramercy deems necessary, (v) confirmation of no pending tenant bankruptcies, (vi) receipt and review of tenant estoppels and SNDA's and (vii) confirmation of the sources and uses of the transaction at closing. In addition, Gramercy shall satisfy itself that both Dillards and Foleys intend on remaining in the Property.

Borrower understands that Gramercy has not yet commenced its due diligence nor its analysis and underwriting of the financial condition of the Property, borrower and Sponsor, which are essential to any commitment on the part of Gramercy to enter into a transaction on the terms described herein. If the results of the due diligence are not satisfactory to Gramercy in its sole discretion, Gramercy is under no obligation whatsoever to fund. Borrower further understands that the above is only a brief summary of Gramercy's Mortgage Loan terms and conditions and that any such Mortgage Loan contemplated will require additional terms and conditions to satisfy all Gramercy's requirements for making such Mortgage Loan.

This Term Sheet is non-binding in all respects except with regards to the deposit, application fee, exclusivity and confidentiality, and represents only proposed points between Gramercy and Borrower. The transaction is subject in its entirety to due diligence and execution of definitive documentation between the parties. We look forward to working with you to complete this transaction. To commence processing of your requested financing, please sign and return an original counterpart of this Term Sheet together with the Deposit. This letter shall be null and void if not countersigned by borrower and returned to Gramercy by Monday, August 8, 2005. If you have any questions, please call me at (212) 297-1015 or Jake Stahler at (212) 297-1043.

Very truly yours,

GRAMERCY CAPITAL CORP

By: _____
    Jim Hritz
    Vice President


Agreed and Accepted by:

-3-

TLH Westgate Mall LLC

By: _____
      Manager

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of October, 2005 I caused to be served a true and correct copy of the foregoing NOTICE OF FILING NOTICE OF REMOVAL on counsel as follows:

**VIA U.S. MAIL, POSTAGE PREPAID:**

Steven Sinatra, Esq.
Solomon and Weinbeg, LLP
29th Floor
900 Third Avenue
New York, New York 10022
(212) 605-1000 (telephone)
(212) 605-1001 (facsimile)

_____
Robert A. Jaffe

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

| | |
|---|---|
| GRAMMERCY CAPITAL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>INVESTMENT PROPERTIES OF AMERICA, LLC, IPofA West Oaks Mall, LP. IPA WEST OAKS MALL, LLC and EDWARD H. OKUN,<br><br>Defendants. | Index No. 603425-05<br><br>NOTICE OF FILING NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that Defendants Investment Properties of America, LLC. IPofA West Oaks Mall, LP, IPA West Oaks Mall, LLC and Edward H. Okun, have filed the attached NOTICE OF REMOVAL, in, and removing this case to, the United States District Court for the Southern District of New York.

KUTAK ROCK LLP

Dated: October 26, 2005      By: _____
                                  ROBERT A. JAFFE        RJ-9286
                                  1101 Connecticut Ave NW Ste 1000
                                  Washington DC 20036
                                  Tel.: (202) 828-2400

                                  300 E. 42nd St - 10th Floor
                                  New York, NY 10017
                                  (212) 922-9155

                                  Attorneys for Investment Properties of America, LLC, IPofA West Oaks Mall, LP, IPA West Oaks Mall, LLC and Edward H. Okun

Kutak Rock - Firm Library-4845-6176-3584.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of October, 2005 I caused to be served a true and correct copy of the foregoing NOTICE OF REMOVAL on counsel as follows:

**VIA U.S. MAIL, POSTAGE PREPAID:**

Steven Sinatra, Esq.
Solomon and Weinbeg, LLP
29th Floor
900 Third Avenue
New York, New York 10022
(212) 605-1000 (telephone)
(212) 605-1001 (facsimile)

_____
Robert A. Jaffe